IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANIEL L. AND HEATHER R. DEVALL, )
*pro se*, )
 )
    Plaintiffs, )
 )
v. ) Case No. 3:11-cv-1078
 ) Judge Sharp/Brown
ONEWEST BANK, FSB, )
 )
 )
    Defendant. )

To: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

    Presently pending before the Magistrate Judge is a Motion to Dismiss and Dissolve a Temporary Restraining Order filed by Defendant OneWest Bank, FSB ("OneWest") (Docket Entry 12). Defendant filed a Memorandum in support of their Motion. (Docket Entry 13). In response to the Motion, Plaintiffs Daniel L. and Heather R. Devall filed a Response. (Docket Entry 14). Defendant then filed a Reply. (Docket Entry 17). After a telephone conference, the Magistrate Judge issued an Order, allowing Plaintiffs to examine the original mortgage note. (Docket Entry 19). Defendant filed a Notice of Plaintiffs' Review of the Original Mortgage Note with Endorsement. (Docket Entry 23). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Defendant's Motion be **GRANTED** and the action against them be **DISMISSED with prejudice**.

### I. INTRODUCTION

1

Plaintiffs are residents of Davidson County, Tennessee and the owners of real property located at 1121 Seven Points Pass, Hermitage, TN 37076 (the "Property").  On September 21, 2011, Plaintiffs filed suit in Davidson County Chancery Court, seeking an injunction to enjoin the foreclosure of the Property. (Docket Entry 1-2). The foreclosure was set for September 23, 2011.  Plaintiffs received a temporary restraining order.  On November 10, 2011, OneWest Bank, FSB removed this action to federal court on the basis of diversity jurisdiction in a suit with an amount in controversy over $75,000.  (Docket Entry 1-1, 1-3).  On February 21, 2011, Defendant filed a Motion to Dismiss and Dissolve the Temporary Restraining Order. (Docket Entry 12).  On March 29, 2012 the Magistrate Judge issued an Order delaying judgement on Defendant's Motion until Plaintiffs could examine the original mortgage note with endorsements from OneBank West FSB.  (Docket Entry 19).  Plaintiffs viewed the copy of the Note with endorsement on May 21, 2012.  (Docket Entry 23).  Plaintiffs have not filed any additional documents since that time.

## II.  BACKGROUND

On October 24, 2004, Plaintiffs purchased a home and signed a note and deed of trust as a security instrument with Green Point Mortgage Funding, Inc. in the amount of $217,450.00 (Docket Entry 12).  On June 15, 2011, Plaintiffs received a letter from Defendant, OneWest Bank FSB, initiating foreclosure proceedings on the Property. (Docket Entry 1-2).  The letter stated Plaintiffs had a right to dispute the debt within thirty days.   Plaintiffs do not dispute that they are in substantial default of their mortgage.  (Document 12).  The parties sole dispute is whether OneBank West, FSB is the valid owner of the mortgage of the Property.  (Docket Entry 1-2, 12, 14, 17).   On June 22, 2011, Plaintiffs sent Defendant a  letter demanding verification of

the debt. (Docket Entry 1-2). On August 24, 2011, Plaintiffs received a copy of the Notice of Trustee's Sale with Defendant listed as the owner of the debt. Plaintiffs contend that on September 20, 2011, they confirmed with the Register of Deeds for Davidson County that Defendant had not recorded an assignment of the Property. In their suit filed on September 21, 2011, Plaintiffs assert a claim of wrongful foreclosure because Defendant lacked standing to proceed with the non-judicial power of sale due either a lack of ownership or improper assignment. Plaintiffs also allege Defendant has committed perjury, mail fraud, and possible insurance fraud. (*Id.*).

## III. LEGAL DISCUSSION

### A. Standard of Review

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the

complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

Plaintiffs are proceeding *pro se*. *Pro se* complaints are "liberally construed and held to less stringent standards than the formal pleadings prepared by attorneys." *Williams v. Curtain*, 631 F.3d 380, 383 (6th Cir. 2011). However, *pro se* litigants must still adhere to basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Unlawful Foreclosure Claim: Ownership and Assignment Issues

Plaintiffs allege that OneWest is either not the owner of their mortgage or, in the alternative, that the assignment of the mortgage to OneWest is invalid because there is no record of the assignment. (Docket Entry 1-2, 14). Plaintiffs allege that without conclusive proof of ownership, OneWest does not have a lawful right to bring a foreclosure action on the Property. (Docket Entry 1-2) Plaintiffs do not dispute that Defendant has supplied them with the following documents: (1) the original mortgage Note from GreenPoint Mortgage, Inc. which includes endorsements from GreenPoint to IndyMac Bank, FSB, (2) documentation from the FDIC of the FDIC's takeover of IndyMac, (3) documentation from the FDIC of the subsequent transfer of IndyMac's loans to OneWest, and (4) a declaration from a OneWest employee declaring OneWest as the investor and servicer of the mortgage. (Docket Entry 1-2, 14).[1]

---

[1] For a Rule 12(b)(6) motion, the court may "consider the [c]omplaint and any exhibits attached . . . and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claim contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

4

Plaintiffs argue that none of this shows adequate proof of ownership or of a valid transfer of the Plaintiffs' mortgage to Defendant. (Docket Entry 14).

As factual support for their claim, Plaintiffs provide a general description of the securitization of mortgages. (Docket Entry 14). This document lacks any citation to authority. They also offer their communication with Christina Sarahan from the Office of FOIA in which they seek the "name of the original trust [their] mortgage was part of"and a "certified copy of the accompanying 'pooling and servicing' agreement.'" (*Id.*) Last, they provide an attachment of general information from the SEC about Greenpoint Mortgage from November, 25 1996 through July 22, 2008, and an agreement showing GreenPoint Mortgage Funding, Inc. as a servicer of the mortgage and Deutsche Bank National Trust Company as the custodian of the mortgage (*Id.*).

None of the factual evidence offered by Plaintiffs counters evidence of OneWest's ownership of Plaintiffs' mortgage. Plaintiffs' information is too general to count as factual allegations against OneWest's claim of ownership of the mortgage. (Docket Entry 14). In contrast, the factual evidence offered by Defendant shows GreenPoint Mortgage as the originator of the mortgage on October 22, 2004, then shows a transfer of the mortgage to IndyMac F.S.B. through the endorsement on the Note. (Docket Entry 12-1). Defendant also provides links that detail FDIC's takover of IndyMac on July 11, 2008, and then FDIC's sale of IndyMac's mortgage loans to OneWest Bank on March 19, 2009 whereby "all deposits of IndyMac Federal Bank, FSB were transferred to OneWest, FSB (OneWest Bank) Pasadena, California.". (Docket Entry 12-1, 17). *See Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA*, FDIC.gov, http://www.fdic.gov/bank/individual/failed/IndyMac.html#Introduction (last visited July 12,

2012). Plaintiffs have not provided enough facts to state that a claim to relief is plausible; instead they rest their case on unsubstantiated factual assertions.

Based on the above facts, Defendant has the right to enforce the mortgage as a matter of law. Plaintiffs Adjustable Rate Note freely allows transfers. (Docket Entry 12-1). The first section of the Note states, in normal sized font, "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder." (*Id.*) Each page of the Note is signed by Plaintiffs. Under Tennessee law, a "holder in due course" is a person who takes a negotiable instrument, such as a promissory note, (i) for value, (ii) in good faith, and (iii) without knowledge of any apparent defect in the instrument nor any notice of dishonor. Tenn. Code. Ann. § 47-3-302. The promissory note Plaintiffs signed is a negotiable instrument subject to this statute. *Gibson v. Mortgage Electronic Registration Systems, Inc.*, No. 11-2173-STA, 2012 WL 1601313, at *4 (W.D. Tenn. May 7, 2012). *See* § 47-3-302.

Even if the Defendant is not the holder in due course, they may still enforce the promissory note if it was transferred to them. § 47-3-302. The transfer itself "vests in the transferee any right of the transferor to enforce the instrument, including the right as a holder in due course." *Id.* The instrument is transferred "when it is delivered by a person other than its issuer for the purpose of giving the person receiving delivery the right to enforce the instrument." *Id.* A person need not be the owner of the note in order to enforce it. *Id.* A person can be "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument." *Id.* Since the chain of transfer of the mortgage is unambiguous,

OneWest has shown that they have the right to enforce the mortgage as, at the very least, "a person not in possession of the instrument who is entitled to enforce it." *Id.* As such, OneWest has the right to bring a foreclosure action on the Property.

Plaintiffs also point to the lack of recordation of the assignment as a reason the court should uphold the injunction against the foreclosure on the Property. However, it is long settled that under Tennessee law any assignment of a note automatically transfers beneficial ownership of the accompanying deed of trust. *W.C. Early v. Williams*, 186 S.W. 102, 103 (Tenn. 1916). In Tennessee, there is "no statutory requirement that the assignee of notes secured by a mortgage or trust deed must, in order to the preservation of his lien against third parties, record on assignment of the instrument which secures the same." *Id.* As a matter of law, Plaintiffs' argument that there is no record of the Defendant's assignment fails. Further, Plaintiffs lack standing to challenge the assigning because "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Properties Holdings, LLC. V. 12840-12976 Farmington Road Holdings, LLC.*, 399 Fed. App'x 97 (6th Cir. 2010).

Based on the reasons stated above, Plaintiffs claim of unwrongful foreclosure should be DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

### C. Perjury, Mail Fraud, and Insurance Fraud Claims

Plaintiffs fraud claims must comply with the heightened pleading standards of Fed. R. Civ. P. 9(b) and "state with particularity the circumstances constituting fraud." In order to survive a motion to dismiss claim, a claim of fraud must "at minimum . . . allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent

7

Case 3:11-cv-01078   Document 24   Filed 07/13/12   Page 7 of 9 PageID #: 200

scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008).

The only evidence Plaintiffs cite to support their claims is that OneWest is not the owner of the Property's mortgage. Plaintiffs offer no further supporting facts but only offer vague legal conclusions. Under current pleading standards, this is not sufficient to survive a 12(b)(6) motion. Even if they offered facts, given that the above analysis shows that OneWest can validly enforce the terms of the mortgage, Plaintiffs' claims would fail. Even if Defendant violated these criminal statutes, they do not give rise to a civil cause of action. *See Buckner v. Carlton*, 623 S.W.2d 102 (Tenn. Ct. App. 1981), *superseded by statute on other grounds*.[2] For a civil action of fraud to exist, "there must be proof of a false representation of an existing or past material fact, and the false representation must have been made knowingly without belief in its truth, or recklessly." *Pusser v. Gordon*, 684 S.W.2d 639, 641 (Tenn. Ct. App. 1984). Plaintiffs do not allege that Defendant knew they were not the owners of Plaintiffs' mortgage; they offer only speculative legal conclusions. (Docket Entry 14). The court does not need to accept these legal conclusions as factual allegations. *Iqbal*, 129 S. Ct. at 1949. As such, Plaintiffs offer no facts that raise "the right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In addition, Tennessee case law has found that there is no civil action for perjury. *Lackey v. Carson*, 886 S.W.2d 232, 232 (Tenn. Ct. App. 1994). Plaintiffs claims against Defendant for

---

[2] For a Plaintiff to create a private cause of action from a violation of a criminal statute, Plaintiff must first consider "(1) whether the party bringing the cause of action is an intended beneficiary within the protection of the statute, (2) whether there is any indication of legislative intent, express or implied, to create or deny the private right of action, and (3) whether implying such a remedy is consistent with the underlying purposes of the legislation." *Buckner*, 623 S.W.2d at 105.

perjury, mail fraud, and insurance fraud should be DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Motion to Dismiss and Dissolve the Temporary Restraining Order filed by Defendant OneBank West, FSB be **GRANTED** and Plaintiffs' action against them be **DISMISSED with prejudice**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 12th day of July, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge