UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL L. DEVALL and <br> HEATHER R. DEVALL, *pro se*, <br><br> Plaintiffs, <br><br> v. <br><br> ONEWEST BANK, FSB, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 3:11-cv-1078 <br> ) <br> ) Judge Sharp <br> ) Magistrate Judge Brown <br> ) <br> ) |

## ORDER

*Pro se* Plaintiffs Daniel L. Devall and Heather R. Devall filed a suit against Defendant OneWest Bank, FSB in the Chancery Court of Davidson County, Tennessee on September 21, 2011, wherein they sought an injunction to prevent the foreclosure of their real property[1] "until such a time that Defendant can prove to Plaintiff they [sic] are the true authorized lender and holder's [sic] of the mortgage…". (Docket Entry No. 1-2). Plaintiffs received a temporary restraining order.[2] On November 10, 2011, Defendant removed this action to federal court under the basis of diversity jurisdiction. In the Complaint, Plaintiffs assert a claim of wrongful foreclosure as well as perjury, mail fraud, and insurance fraud.

On February 21, 2012, Defendant filed a *Motion to Dissolve Temporary Restraining Order and to Dismiss Case* (Docket Entry No. 12), wherein it claims Plaintiffs do not dispute that "they are in substantial default of the mortgage." In support of said motion, Defendant asserted Plaintiffs' Complaint failed to state a claim, wherein "there is no legal requirement that a mortgage holder meet such proof requirement to a homeowner prior to foreclosure." (*Id.* at 1).

---

[1] The property is located at 1121 Seven Points Pass, Hermitage, Tennessee 37076.

[2] The foreclosure was scheduled for September 23, 2011.

1

Moreover, "even if there was such a requirement, OneWest is the holder and owner of Plaintiffs' mortgage." (*Id.*). Plaintiffs filed a response in opposition, to which Defendant filed a reply. *See* (Docket Entry Nos. 14 and 17).

A telephone conference was held before Magistrate Judge Brown on March 28, 2012, to discuss the pending motion to dismiss. The Magistrate Judge issued an Order allowing Plaintiffs time to file additional documentation and an opportunity to examine the original mortgage note. (Docket Entry No. 19). The additional documentation was subsequently filed by Plaintiffs, and Plaintiffs were given the opportunity to review and examine the original mortgage note. *See* (Docket Entry Nos. 22 and 23).

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 24) in this case on July 13, 2012, concluding that Plaintiffs' claims of unlawful foreclosure, perjury, mail fraud, and insurance fraud[3] should be dismissed for failure to state a claim upon which relief can be granted. Therefore, finding that "the Motion to Dismiss and Dissolve the Temporary Restraining Order filed by Defendant OneBank West, FSB be GRANTED and Plaintiffs' action against them be DISMISSED with prejudice." Plaintiffs filed a timely objection to the R & R on July 27, 2012, to which Defendant filed a response. *See* (Docket Entry Nos. 26 and 27).

Having reviewed the matter *de novo* in accordance with Federal Rule of Civil Procedure 72(b), the Court will overrule Plaintiffs' objections and accept the R & R.

---

[3] As to the claims for perjury, mail fraud, and insurance fraud, Magistrate Judge Brown notes that "[t]he only evidence Plaintiffs cite to support [these] claims is that [Defendant] is not the owner of the Property's mortgage… no further supporting facts" were offered "only… vague legal conclusions." He concluded "this is not sufficient to survive a 12(b)(6) motion." *See* (Docket Entry No. 24 at 8).

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 24) is hereby ACCEPTED and APPROVED, and Plaintiffs' objections thereto (Docket Entry No. 26) are hereby OVERRULED;

(2) Defendant's *Motion to Dissolve Temporary Restraining Order and to Dismiss Case* (Docket Entry No. 12) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE